UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN M. WALLACE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-383 |
| CITY OF SLIDELL, ET AL. | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court are two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Slidell Police Officers Thomas McNulty, Keith McQueen, Kevin Rea, and Charles Esque filed the first motion. (Rec. Doc. 17). The City of Slidell and Slidell Police Chief Randy Smith filed the second motion. (Rec. Doc. 18). Now, having reviewed the parties' submissions, the applicable law, and the record, the Court rules on the motions as stated herein.

**I. Background**

This lawsuit arises from an altercation with Slidell police officers that resulted in the arrests of five of the plaintiffs: Warren Wallace, Jilliun Wallace, Joshua Wallace, Matthew Wallace, and Devyn Craddock (collectively the "arrestee-Plaintiffs"). (Rec. Doc. 1 at p. 7). The critical events began when Defendant Officer Keith McQueen ("Officer McQueen"), during the course of an investigation into a reported hit and run, encountered Joshua Wallace in a parking lot adjacent to a Wallace family-owned business, called the Lion's Pride Karate Academy (the "Karate Academy") (*Id.* at p. 8). According to the complaint, Officer McQueen verbally accosted Joshua Wallace in the parking lot. (*Id.*). Joshua Wallace then walked away and entered the Karate Academy. (*Id.*). Officer McQueen and other officers, who had arrived as back up, attempted to pursue. (*Id.*). At the entrance of the building, the officers encountered Matthew Wallace, who tried, albeit unsuccessfully, to

prohibit their entering without a warrant. (*Id.*). A skirmish ensued once the officers were inside. (*Id.* at p. 8-9). During the altercation, Officer McQueen tazed Joshua Wallace, Officer Kevin Rea ("Officer Rea") tazed Devyn Craddock ("Craddock"), and Officer Thomas McNulty ("Officer McNulty") drew his tazer on and pushed Warren Wallace. (*Id.* at p. 8-9). Also during the fracas, Officer Charles Esque ("Officer Esque") pushed Jilliun Wallace against a wall. (*Id.* at p. 9). Finally, unidentified officers forced Matthew Wallace to the ground after he had begun filming the incident on a cellular telephone. (*Id.*).

The five arrestee-Plaintiffs have since entered no-contest pleas, under Article 894 of the Louisiana Code of Criminal Procedure, to charges stemming from the incident. (*Id.* at p. 9-10). The no-contest pleas were for the following offenses: (1) Warren Wallace – resisting an officer and simple battery; (2) Matthew Wallace – public intoxication and interfering with an officer; (3) Joshua Wallace – disturbing the peace by language, disturbing the peace by public intoxication, resisting an officer by violence, and simple battery; (4) Jilliun Wallace – interfering with an officer; and (5) Devyn Craddock – resisting an officer and resisting an officer by flight. (*See id.* at p. 9-10; Rec. Doc. 29 and 40-3).[1]

Prior to entering their no-contest pleas, the arrestee-Plaintiffs filed the instant lawsuit against the arresting officers, McNulty, McQueen, Rea, and Esque, in their individual and official capacities; Slidell Police Chief Randy Smith, in his individual and official capacity; and the City of Slidell. (Rec. Doc. 1). Claims asserted include those of unlawful arrest, excessive force, First

---

[1] To the extent that it is uncertain as to whom Warren Wallace and Joshua Wallace battered, the Court notes, from the transcripts of the state court proceedings, that these two plaintiffs were charged with "Battery of a Police Officer." (*See* Rec. Doc. 29-1 at p. 4, 6). In recognition of their no contest pleas, the charges were later amended to simple battery. (*See id.*).

Amendment violations, assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id.* at p. 11-13).  The arrestee-Plaintiffs are joined in their emotional distress claims by Raynell B. Wallace, Zachary W. Wallace, and Ryleigh Wallace. (*Id.* at p. 12-13).

## II. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,*  556 U.S. at 662, 678 (2009) (internal citation omitted).  Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff."  *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159 (1986).  Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor."  *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001).  Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal,* 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)). When ruling on a 12(b)(6) motion, courts may consider the complaint and a limited number of extrinsic materials, including any attached exhibits and documents that the petition incorporates by reference.  *Stevens v. Lake Charles Coca-Cola Bottling Co.*, 2011 WL 2173649, at *2 (W.D.La. June 1, 2011).

## III. Law and Analysis

### A. *Heck v. Humphrey*

In light of the no-contest pleas of the arrestee-Plaintiffs, the *Heck* doctrine presents a significant challenge to the viability of the claims in this case. *See Heck v. Humphrey*, 512 U.S. 477

(1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . " *Id.* at 486-87. Claims that seek to invalidate or call into question an underlying conviction or sentence, explained the Court, should be dismissed absent a showing that the conviction or sentence has been invalidated. *Id.* at 487. In other words, if there is an underlying conviction that has not been invalidated or otherwise terminated in a manner favorable to the plaintiff, a civil action may proceed only if its success would not inherently imply the invalidity of the outstanding criminal judgment; otherwise, the action is barred. *See id.* at 487; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000).

**1. Unlawful Arrest and False Imprisonment**

The arrestee-Plaintiffs assert § 1983 claims of false arrest, and state law claims of false imprisonment, for their apprehensions following the incident in the Karate Academy. By definition, the claim of false arrest, in particular, challenges the lawfulness of an arrest. By entering no-contest pleas, each of the arrestee-Plaintiffs has been "convicted" of crimes for which he or she was arrested. *See Ballard v. Burton*, 444 F.3d 391, 97 (5th Cir. 2006) (For *Heck* purposes, the entry of a no-contest plea is considered a conviction on the offense pled.). A judgment on the false arrest claims in favor of the arrestee-Plaintiffs would necessarily imply the invalidity of those convictions, which have not been reversed, expunged, or otherwise invalidated. As a result, the claims of false arrest are barred. Furthermore, because the arrestee-Plaintiffs' state law claims of false imprisonment are

4

premised on the unlawfulness of those arrests, as well, they too are precluded. *See Hainze*, 207 F.3d at 799 (dismissing state law assault and battery claims after finding that *Heck* barred a plaintiff's related claim of excessive force).

**2. Excessive Force and Assault and Battery**

The arrestee-Plaintiffs have asserted excessive force and assault and battery claims for the manner in which they were arrested. Unlike for false arrest claims, *Heck* does not operate as a *per se* bar on excessive force claims, even where, as here, there has been a conviction for crimes such as interfering with, resisting, or battering a police officer. *See Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). As long as the excessive force claim and the facts surrounding the state conviction are "temporally and conceptually distinct," then a § 1983 claim for excessive force or otherwise may generally proceed. *Id.* at 498. For example, in *Deleon v. City of Corpus Christi*, the Fifth Circuit found that *Heck* precluded the claim of excessive force because the complaint alleged a single violent encounter, throughout which an officer used excessive force on the "innocent" plaintiff, and implicitly challenged his aggravated assault conviction. 488 F.3d 649, 656-57 (5th Cir. 2007). By contrast, in *Bush v. Strain*, the Fifth Circuit determined that *Heck* did not preclude an excessive force claim because, although the complaint stated that "[a]t no time did the plaintiff resist her arrest," it was evident, when the phrase was read in context, that the plaintiff had adequately pled a claim for excessive force occurring after she had been restrained. 513 F.3d 492, 499 (5th Cir. 2008); *see also Price v. City of Rayne*, 2016 WL 866945, at *3 (W.D.La. Mar. 3, 2016) ("[W]hen a plaintiff contends that he did not resist arrest, that is, that he committed no offense and was instead unjustly victimized, the Fifth Circuit has uniformly concluded that his excessive force claim is *Heck* barred because the excessive force claim necessarily attacks the validity of the conviction for resisting

arrest.").

In this case, the complained-of use of force against Jilliun Wallace is that Officer Esque pushed her against a wall, causing injury resulting in hospitalization. Jilliun Wallace was convicted of "Interfering with an Officer," which is a crime defined as "the intentional interference with . . . an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property . . . when the individual knows that the person arresting . . . is acting in his official capacity." Slidell Municipal Code 11:196(a). The complaint states that, when Jilliun Wallace encountered the officers inside the Karate Academy, she merely inquired as to the purpose of their presence, in response to which Officer Esque pushed her against a wall and arrested her. In effect, the allegation is that Jilliun Wallace did not resist or interfere with the officers; therefore, pushing her against a wall was excessive. Allowing such a claim to proceed based on that allegation would be an attack on Jilliun Wallace's conviction for interfering with an officer. Consequently, her claim is *Heck*-barred.

The complained-of use of force against Matthew Wallace is that he was forced to the ground and arrested for recording the altercation on his cellular phone. Matthew Wallace was convicted of public intoxication and, like Jilliun Wallace, interfering with an officer. Permitting the allegation that Matthew Wallace was arrested for recording the altercation on his cellular phone to proceed would necessarily imply the invalidity of his convictions for public intoxication and interfering with an officer – the crimes for which he was arrested. As a result, Matthew Wallace's excessive force claim is precluded.

The complained-of force against Devyn Craddock is that Officer Rea tazed him in the back. Craddock was convicted of interfering with an officer and resisting an officer by flight. The crime

of "Resisting an Officer by Flight" is defined as "flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest." Slidell Municipal Code 11:196(b)(1). The complaint alleges no wrongdoing on Craddock's part, only that he was simply following an officer's order to leave the Karate Academy when he was tazed in the back. (Rec. Doc. 1 at p. 9). Allowing this claim to proceed would be an affront to Craddock's convictions for interfering with the officers and resisting arrest by flight. It is *Heck*-barred, as a result.

The complained-of force against Warren Wallace is that Officer McNulty drew a tazer on him, knowing he had a pacemaker, and pushed him toward a wall, causing an unspecified injury that resulted in hospitalization. It is not alleged that the officer ever deployed the tazer, and Warren Wallace was convicted of resisting an officer and simple battery. The complaint contains no admission or implication of wrongdoing on Warren Wallace's behalf. Instead, it states that, like Jilliun Wallace, Warren Wallace asked why the officers were inside the Karate Academy, and Officer McNulty pushed him in response. To permit an excessive force claim to proceed, based on this allegation, would impermissibly subvert Warren Wallace's convictions for resisting an officer and battery; thus, it too is precluded by *Heck*.

The complained-of force against Joshua Wallace is that Officer McQueen tazed him causing serious injury. Joshua Wallace was convicted of disturbing the peace by language, disturbing the peace by public intoxication, resisting an officer by violence, and simple battery. The complaint alleges that, by the time the officers had entered the Karate Academy, Joshua Wallace was in the bathroom with the door closed. When he opened the door to exit, he was tazed. Like the others, this claim is based on allegations of an unprovoked attack by an officer. It is not pled as an incident that is temporally distinct, or that can be factually separated, from the convictions for resisting arrest by

7

violence and battery. To allow it to proceed would necessarily imply the invalidity of Joshua Wallace's convictions, which are of a particularly serious nature. *See Price*, 2016 WL 866945, at *3 ("[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction.") (quoting *Bush*, 513 F.3d at 498 n. 14).

Relatedly, the arrestee-Plaintiffs' state law claims of assault and battery are also *Heck*-barred because they and the precluded § 1983 claims of excessive force are premised on the same basis. *See Hainze*, 207 F.3d at 799; *Foster v. City of Addis*, 2014 WL 5778922, at *4 (M.D.La. Nov. 3, 2014) (holding that *Heck* barred a plaintiff's assault and battery claims because they were inconsistent with her conviction for resisting an officer).

### 3. First Amendment Violations

The § 1983 claims for First Amendment violations arise from allegations that the arrests of at least certain plaintiffs were in response to their recording of the officers' conduct on cellular phones. One such plaintiff was Matthew Wallace. The complaint states that the officers became irate with Matthew Wallace for recording and forced him to the ground, where he was arrested. (Rec. Doc. 1 at p. 8). In addition to Matthew Wallace, the complaint states, with little detail, that Craddock recorded events, as well. (*Id.* at p. 8). In their briefings, the parties argue, for purposes of qualified immunity, whether the right to record police activity is recognized in this Circuit as a firmly established constitutional right. However, the Court finds its unnecessary to decide the issue, given the convictions of Matthew Wallace and Craddock. As a result of those convictions, it is beyond dispute that the two plaintiffs were arrested for, *inter alia*, interfering with the officers; hence, they were not arrested for recording the officers. The same *Heck* principle that precludes the

unlawful arrest and excessive force claims also bars the arrestee-Plaintiffs' First Amendment claims in this case.

### 4. Intentional/Negligent Infliction of Emotional Distress

As a result of having to view the abuse and humiliation of friends and family members at the hands of the officers, the arrestee-Plaintiffs, as well as Raynell B. Wallace, Zachary W. Wallace, and Ryleigh Wallace, assert claims of intentional and/or negligent infliction of emotional distress. To prevail on the claim of intentional infliction of emotional distress, a plaintiff must prove that the defendant engaged in conduct that was "extreme and outrageous." *White v. Monsato Co.*, 585 So.2d 1205, 1209 (La. 1991). While not as demanding, negligent infliction of emotional distress requires a plaintiff to show, in part, a breach of the duty of care that resulted in mental anguish of a genuine and serious nature. *See Walker v. Allen Parish Health Unit*, 711 So.2d 734, 737 ( La. Ct. App. – 3d Cir. 1998). To the extent that these claims are premised on the same basis asserted in support of the constitutional claims of false arrest and excessive force, which the Court has already determined to be barred under *Heck*, they too must be precluded. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000).

Here, the premise of the state law claims is that, when making the arrests, the officers behaved in a manner that was either extreme and outrageous or negligent. However, as discussed *supra*, stemming from the incident, the five arrestee-Plaintiffs were convicted of criminal offenses ranging from interfering with an officer to battery. These convictions establish that the arrests were lawful, that is, they were made with probable cause, and that the arresting officers used reasonable force. The emotional distress claims are, therefore, contradictory to these convictions and, most certainly, constitute an attack on their validity. As a result, the Court finds that the state law claims

9

of emotional distress are precluded under *Heck*.

### III. Conclusion

Having determined that all of the claims raised against the arresting officers are *Heck*-barred, the Court finds that those same claims are precluded from being asserted against Police Chief Randy Smith and the City of Slidell, as well. Accordingly;

**IT IS ORDERED** that the defendants' motions to dismiss (Rec. Doc. 17 and 18) are **GRANTED**, and that this case is hereby **DISMISSED WITH PREJUDICE**.[2]

New Orleans, Louisiana, this 28th day of March, 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[2] Out of respect for the state convictions, as well as principles of sovereign immunity, the plaintiffs are not being afforded an opportunity to amend their complaint.